# CRIMINAL COMPLAINT
(Electronically Submitted)

| United States District Court | DISTRICT of ARIZONA |
|---|---|
| **United States of America**<br>v.<br>**Joselian Morgan**<br>DOB: 2007; U.S. Citizen | DOCKET NO. |
| | MAGISTRATE'S CASE NO.<br>26-07039MJ |

Complaint for a violation of Title 18, United States Code, § 554(a)

On or about January 4, 2026, in the District of Arizona, **Joselian Morgan** knowingly and fraudulently exported and sent from the United States, and attempted to export and send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, and received, concealed, bought, sold, and in any manner facilitated the transportation, concealment, and sale of such merchandise, article or object, that is: one (1) Smith & Wesson M&P 15 rifle, one (1) Anderson Manufacturing AM15 rifle, two (2) .556 caliber magazines, and one (1) .22 caliber magazine, knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: Title 50, United States Code, Section 4819; Title 15, Code of Federal Regulations, Parts 736.2, 738, and 774; all in violation of Title 18, United States Code, Section 554(a).

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

On January 4, 2026, at approximately 5:15 p.m., **Joselian Morgan** attempted to exit the United States and enter the Republic of Mexico through the DeConcini Port of Entry in Nogales, Arizona. Customs and Border Protection Officers (CBPOs) were conducting outbound inspections when they stopped **Joselian Morgan** who was the driver and sole occupant of a blue Ford Focus, bearing a Mexico license plate. When asked, **Morgan** stated that he lived in Mexico, was visiting family in the U.S., and the car belonged to his uncle. **Morgan** then gave a negative binding declaration which included questions about whether he was bringing any firearms, ammunition, and currency over 10,000 dollars. The primary CBPO then asked him to put and vehicle in park and began inspecting the vehicle. The secondary CBPO received another negative binding declaration from **Morgan** while inspecting the vehicle. The Secondary CBPO lifted clothing off the back floor of the vehicle and saw a rifle under the seat. The secondary CBPO then handcuffed and escorted **Morgan** to a secure holding facility, during this time **Morgan** made excited utterances and repeatedly stated "No not again; can't you just let me go; I can't get arrested again".

The vehicle was brought to the Z-Portal x-ray machine where it was scanned, and anomalies were found on the driver and passenger side of the vehicle.

Further inspection of the vehicle yielded the following: one (1) Smith & Wesson M&P 15 rifle, one (1) Anderson Manufacturing AM15 rifle, two (2) .556 caliber magazines, one (1) .22 caliber magazine, one (1) rifle bi-pod, and one (1) night vision scope.

**(BASIS OF COMPLAINT CONTINUED ON REVERSE.)**

MATERIAL WITNESSES IN RELATION TO THE CHARGE:  N/A

| DETENTION REQUESTED<br>Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge.<br><br>AUTHORIZED BY AUSA *S. Houston* | SIGNATURE OF COMPLAINANT<br>HARRISON T CLARK *Digitally signed by HARRISON T CLARK Date: 2026.01.05 09:36:05 -07'00'* |
|---|---|
| | OFFICIAL TITLE<br>HSI SA Harrison Clark |

**Sworn by telephone  x**

| SIGNATURE OF MAGISTRATE JUDGE[1]<br>*Jacqueline M. Rateau* | DATE<br>January 5, 2026 |
|---|---|

1) See Federal Rules of Criminal Procedure Rules 3, 4.1, and 54

**(BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED CONTINUED.)**
**Page 2 of 2**

In a post-*Miranda* statement, **Morgan** admitted to intentionally attempting to bring guns into Mexico. He stated he was aware that it was illegal to do so, and was going to get paid $500 U.S. dollars. **Morgan** admitted that this was not his first time crossing weapons and that he previously crossed five Glocks approximately one month ago.

The firearms and magazines found in the vehicle **Morgan** was driving qualify as United States Commerce Control List items and therefore are prohibited by law for export from the United States into Mexico without a valid license. **Morgan** did not possess an import/export license, nor did he present one to the CBPOs.

